[Cite as *State v. Scott*, 2020-Ohio-1212.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| PAUL SCOTT | : | Case No. 19CA000030 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 19CR04-0140



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                March 27, 2020



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CHARLES T. MCCONVILLE                 TODD W. BARSTOW
117 East High Street, Suite 234       538 South Yearling Road
Mount Vernon, OH  43050               Suite 202
                                      Columbus, OH  43213

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Paul D. Scott appeals the July 30, 2019 judgment of conviction and sentence of the Knox County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In March of 2019, Detective Jessica Baker of the Mount Vernon Police department was approached by Andrew Ellis. Ellis desired to make controlled narcotics purchases for the department in order to bargain away a fifth degree felony drug possession charge against his wife. Ellis had a prior drug offense in 2012, illegal assembly of chemicals for the manufacture of drugs, which was accompanied by a child endangering charge.

{¶ 3}   Ellis and his wife signed a contract with Butler for two buys from one target suggested by himself, Paul Scott.

{¶ 4}   The first buy took place on March 7, 2019. Five detectives participated, Detective Corporal Deshant, and Detectives Butler, Wolf, Haver and Arnold.  Ellis advised detectives on that date he could buy an "eight ball" of methamphetamine from Scott for $140. Ellis, his wife, and his vehicle were searched for contraband and found to be clean. Ellis was fitted with a recording/listening device and $140 of buy money.

{¶ 5}   Ellis drove to Scott's home at 1008 West Vine Street, a residence located within 300 feet of a school. Deshant, Butler and Wolf followed and parked two blocks away listening to the transaction. Haver and Arnold proceeded likewise and parked at a location where they could maintain visual contact on Ellis as he entered and exited Scott's

home and to listen to the transaction. Ellis's wife remained outside. Some of the detectives were familiar with Scott and recognized his voice while the transaction was taking place.

{¶ 6} Following the transaction, detectives met with Ellis at a predetermined location. Detectives seized the drugs and again searched Ellis, his wife, and his car and found no contraband. Ellis was debriefed and stated Scott sold him the drugs and no one else had been present on the home. The drugs were sent to the Bureau of Criminal Investigations (BCI) for testing which confirmed the substance was 3.25 grams of methamphetamine, greater than the bulk amount.

{¶ 7} The same procedure was followed for a second buy which took place on March 22, 2019. This time Ellis participated without his wife. Ellis was again provided with $140 to purchase an eight ball from Scott. Ellis returned with the drugs which were again sent to the BCI and confirmed to be 3.37 grams of methamphetamine.

{¶ 8} As a result of these events, Scott was charged with two counts of aggravated trafficking in methamphetamine pursuant to R.C. 2925.03(A)(1), felonies of the second degree. Each count contained two specifications: the offense was committed in the vicinity of a school, and the amount of methamphetamine involved exceeded the bulk amount.

{¶ 9} Scott pled not guilty to the charges and opted to proceed to a jury trial which took place on July 9 and 10, 2019. The state presented testimony from each of the detectives involved in the matter, two forensic scientists from the BCI, Ellis, and the Knox County Tax Map Supervisor Justin Smith. Scott rested without presenting evidence. The jury subsequently found him guilty as charged. Scott was sentenced to an aggregate 10-year prison term.

{¶ 10} Scott filed an appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 11} "THE TRIAL ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED TRAFFICKING IN DRUGS, AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 12} In his sole assignment of error, Scott argues his convictions are unsupported by sufficient evidence, and are against the manifest weight of the evidence. We disagree.

{¶ 13} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the

evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶ 14} Scott was charged with two identical counts of aggravated trafficking in drugs, specifically methamphetamine, pursuant to R.C. 2925.03(A)(1). Each count contained two specifications – the offense was committed in the vicinity of a school, and the amount of methamphetamine involved exceeded the bulk amount.

{¶ 15} Scott does not argue that the state failed to produce sufficient evidence to satisfy any element of the charged crimes. Instead, Scott argues that the testimony of Ellis was not believable. We note however the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 16} While Scott points to Ellis's prior record and the fact that Ellis had something to gain by fabricating a tale to appease law enforcement, the jury heard all these facts. The jury also heard testimony that Ellis made two purchases of methamphetamine from Scott on two occasions in March 2019, that each of those purchases were indeed methamphetamine per BCI testing, and the weight of the drug exceeded the bulk amount.

The jury further heard both transactions were conducted within 300 feet of a school. T. 135-144, 158-165, 202-204, 189, 195, 237.

{¶ 17} Thus ample evidence was produced by the state to support each element of the offenses. Whether or not Ellis was believable was a matter for the jury to resolve.

{¶ 18} Upon review, based on the testimony and exhibits presented, we find sufficient evidence, if believed, to support the jury's verdict. We do not find any manifest miscarriage of justice.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Court of Common Pleas, Knox County, Ohio is affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.

EEW/rw